UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WASHINGTON MUTUAL BANK,

                                                         Petitioner,

-vs-

                                                        DECISION AND ORDER

GRETCHEN K. FORGUE,                               07-MC-6027-CJS

                                                        Respondent.
_____

**APPEARANCES**

| | |
|---|---|
| For Petitioner: | Christopher B. Turcotte, Esq.<br>575 Madison Ave. Ste. 1006<br>New York, NY 10022<br>212-937-8499 |
| For Respondent: | Thomas J. Rzepka, Esq.<br>Osborn Reed & Burke, LLP<br>45 Exchange Street 4th Floor<br>Rochester, NY 14614<br>585-263-9525 |

**INTRODUCTION**

     **Siragusa, J.** This matter is before the Court on Respondent Washington Mutual Bank's petition to confirm an arbitration award pursuant to 9 U.S.C. § 9 (1947), Petitioner Gretchen Forgue's motion to strike, and for sanctions against Petitioner pursuant to Federal Rule of Civil Procedure 11. For the reasons stated below, the arbitration award is confirmed and Ms. Forgue is directed to pay reasonable attorney fees to Respondent's counsel as a sanction for violation of Rule 11.

## BACKGROUND

In April 2003, Ms. Forgue opened a credit card account with Washington Mutual's predecessor-in-interest, Providian National Bank. As part of that process, Ms. Forgue received a Term Sheet and Customer Account Agreement disclosing the annual percentage rate for her account, and thereafter received monthly statements showing transfers of funds, purchases and finance charges. In December 2004, Ms. Forgue began to complain to Washington Mutual in writing in what she captioned "Notice of Billing Error." She wrote, in part, as follows:

> My belief that the statement contains billing errors under 15 U.S.C. 1666(b)(1), (2), and (5) is based upon my belief that you failed to give all the proper disclosures required by law to me prior to opening this account, and additional disclosures since then. Because you failed to provide these disclosures, the account could not legally be opened and I should not be responsible for the payment of interest, fees or other finance charges. While I understand I will likely still be responsible for the repayment of purchases and cash advances, I do not believe I should be responsible for interest, finance charges and other fees….
>
> Because I believe I should not have been charged finance charges or fees for the history of this account, I dispute the accuracy of the following items on my statements which have been calculated based on the inclusion of those charges: the current balance, the amounts and payments due and all finance charges and other fees charged since the account was opened.

(Respondent's First Notice of Billing Error (Dec. 30, 2004), *quoted in* Petition (Docket No. 1), Ex. B at 4-5.) Ms. Forgue sent six such notices to Washington Mutual. (Arbitration Trans. *attached to* Petition, Ex. B at 109.) The matter was eventually submitted to arbitration.

On November 20, 2006, Richard D. Rosenbloom, Arbitrator,[1] issued an award in the matter of Gretchen K. Forgue, claimant, and Washington Mutual Bank, respondent, directing, in pertinent part, as follows:

> 8. 15 U.S.C. Section 1666(a) requires a billing error notice to have been received by a creditor within 60 days of the first periodic statement documenting the objectionable interest or finance charge. 15 U.S.C. Section 1640(a) requires that a proceeding must be commenced within one year. *See*, *Dawkins v. Sear Roebuck and Company*, 109 F.3d 341 (5th circuit, 1997).
>
> 9. Claimant's first "Notice of billing error" was sent some 19 months after the interest or finance charge alleged to be objectionable first appeared in May 2003. This proceeding was commenced 33 months thereafter.
>
> 10. Claimant has failed to sustain her burden of proving that Respondent has violated the provisions of the Fair Credit Billing Act or the Truth in Lending Act, as alleged in the Claim.
>
> 11. Claimant's request for an award against Respondent is denied.
>
> 12. Claimant's request for an sward of costs and attorneys' fees against Respondent is denied.
>
> 13. Respondent's request for an award of costs and attorneys' fees against Claimant is denied.
>
> 14. The administrative fees of the American Arbitration Association totaling $1,250.00 and the compensation of the arbitrator totaling $750.00 shall be borne $375.00 by Claimant and the balance by Respondent, in accordance with Supplementary Procedures for Consumer-Related Disputes.
>
> This award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted are hereby denied.

---

[1] Mr. Rosenbloom is a former Justice of the New York State Supreme Court.

(*In the Matter of the Arbitration between Gretchen K. Forgue, Claimant, and Washington Mutual Bank, Respondent,* Case No. 15 148 E 00316 06 (Nov. 20, 2006), ¶¶ 8-14.) Washington Mutual, relying on 9 U.S.C. § 9 (1947) sought confirmation of the award by filing the instant petition.

On August 3, 2007, Ms. Forgue, appearing *pro se*, filed what she titled Objection to Award Conformation and Motion to Strike (# 5). In that paper, she is:

- "objecting to the arbitration award being sought for confirmation in this court"; and

- moving to strike Attorney Christopher B. Turcotte's "vile, false and misleading statements in his brief to this court. They are offensive, bear no merit to the laws and facts of the case, insult Movant and this court, and violate his ethical responsibility as an attorney."

(Objection at 1.) Ms. Forgue also stated in her objection that she "has submitted a complaint through a third party to the Senate and Banking Committee for review of this account and Washington Mutual's violation of and non-compliance with certain laws," (Objection at 2) and also states that she "has submitted a complaint through a third party to the Office of Comptroller of currency, for review of this account and Washington Mutual's violation of and non-compliance with certain laws." (Objection at 3.) She asks the Court to "suspend if not dismiss the instant arbitration award confirmation, pending both aforementioned government investigations." (Objection at 3.)

Further, Ms. Forgue maintained that the arbitration award "is neither against Petitioner nor movant. It is a stalemate conferring no collection rights nor monetary award to either party." (Objection at 4.) As an example she quoted from the following language from the award: "This award is in full settlement of all claims submitted to this arbitration.

*All claims not expressly granted are hereby denied*." (Objection at 4 (emphasis added by Ms. Forgue).) She also asserted that Washington Mutual made a false claim that, "[t]he arbitrator further ordered that the parties bear their respective costs and attorneys [sic] fees…. Exhibit 'A', at P12-14.' (Petitioner's brief, Pg. 4, paragraph 15.)" (Objection at 4.) She requested that the Court confirm that the arbitration award "confers nothing to either party confirmed or not; and that both parties would walk away collecting nothing. Washington Mutual and Petitioner would cease any collection activity and Movant refrains from filing suit against Petitioners [sic] and his client." (Objection at 4.)

Ms. Forgue also brought a motion to strike claiming that Washington Mutual has made disturbing statements "designed to debase Movant for standing up for her rights" and characterizes the statements as "a puerile attempt to gain meritorious status with this court." She detailed the following two statements as fitting this description: (1) that Ms. Forgue was coerced by an educational product to engage in disputing debt; and (2) that she was involved in some sort of widespread systematic TILA debt elimination scheme. She asks the Court to strike those two statements, and any others that are "unsupported, slanderous, and irrelevant to the facts and law of this case." (Objection at 5.)

At the oral argument, Ms. Forgue appeared with counsel, Thomas Rzepka, Esq., who requested an adjournment to investigate and address the pending motions. The Court granted the adjournment, and on October 25, 2007, Mr. Rzepka filed an affidavit opposing the motion for sanctions. During the subsequent oral argument on November 16, 2007, Mr. Rzepka informed the Court on the record that, after discussion of the matter with his client, there was "no reason to deny confirmation of the award," but that Ms. Forgue still opposed Washington Mutual's motion for sanctions.

## STANDARDS OF LAW

The Federal Arbitration Act of 1947, 80 Cong. Ch. 392; 80 P.L. 282; 61 Stat. 669, codified Title 9, which was based on the United States Arbitration Act of 1925, 68 P.L. 401; 68 Cong. Ch. 213; 43 Stat. 883. That statue states as follows:

> § 9.  Award of arbitrators; confirmation; jurisdiction; procedure
>
> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title [9 U.S.C. §§ 10, 11]. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9 (1947). The basis for vacating an arbitration award is as follows:

> § 10.  Same; vacation; grounds; rehearing
>
> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;

> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4) (2002). As the Second Circuit stated in *Florasynth, Inc. v. Pickholz*, 750 F.2d 171 (2d Cir. 1984):

> the confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. *See* M. Domke, The Law and Practice of Commercial Arbitration § 37.02 (1968). The award need not actually be confirmed by a court to be valid. An unconfirmed award is a contract right that may be used as the basis for a cause of action, *E.A. Bromund Co. v. Exportadora Affonso de Alburquerque*, 110 F. Supp. 502, 502-03 (S.D.N.Y. 1953); 3 Fed. Proc. L. Ed. § 4:93. In fact, in the majority of cases the parties to an arbitration do not obtain court confirmation. A party, successful in arbitration, seeks confirmation by a court generally because he fears the losing party will not abide by the award. Armed with a court order the winning party has a variety of remedies available to enforce the judgment.

*Florasynth*, 750 F.2d at 176.

## ANALYSIS

Ms. Forgue's opposition to confirmation does not raise any of the issues addressed by 9 U.S.C. § 10(a)(1) through (4). The fact that she has sent, "through third parties," complaints about the outcome of the arbitration to the Senate Banking Committee or Comptroller of the Currency is of no consequence to Washington Mutual's conformation petition. Therefore, the arbitration is confirmed.

As to her motion to strike, Ms. Forgue testified at the arbitration hearing that a "Frontline"[2] television program in December 2004 prompted her to question the credit card account she had opened with Providian Bank, Washington Mutual's predecessor. (Trans at 20.) She admitted receiving what she called a confidential brief from a consumer debt advocate, and used that to assist her with her testimony. (Trans at 76-77.) She was asked who had assisted her with her notices of billing errors, which were word-for-word duplicates of one sent by Robert Vivalo in a separate case, and she refused to answer the question. (Trans at 101-02.) Washington Mutual's argument, that Ms. Forgue was coached into disputing her debt as a part of a scheme, is supported by evidence in the record along with Ms. Forgue's evasive manner in responding to questions on that subject. Therefore, the Court finds no basis to strike the allegations as unsupported, slanderous or irrelevant. Additionally, Ms. Forgue's contention, that Washington Mutual made a false claim when it stated that "[t]he arbitrator further ordered that the parties bear their respective costs and attorneys [sic] fees," is without merit. Since the arbitrator, in his decision, declined to award Washington Mutual costs and attorney's fees, Washington Mutual's statement logically follows.

After a thorough review of the numerous submissions by both sides, the Court concludes that Ms. Fogue does not have now, nor did she ever have, a nonfrivolous basis for opposing confirmation of the arbitration award. Moreover, the Court finds that the August 10, 2007, notice Ms. Forgue filed with the Court as an addendum to her Exhibit C

---

[2]"Since January 1983, FRONTLINE has served as American public television's - PBS - flagship public affairs series." A Brief History, *available at* http://www.pbs.org/wgbh/pages/frontline/us/ (last checked Sept.19, 2007).

was counterfeit and fraudulently submitted in an attempt to convince the Court that she had already filed a legitimate claim with the Office of the Comptroller of the Currency against the bank.  Supporting the Court's determination is the statement by Ms. Forgue's counsel that her complaint at OCC was not received by that organization until September 7, 2007. (Rzepka Aff. ¶ 4; but see Letter from Christopher B. Turcotte, Esq., to the Court (Nov. 1, 2007) (Docket No. 14), at 3 (stating that Matthew Johnson, OCC National Bank Examiner & External Fraud Specialist, confirmed that Mr. Forgue's complaint was not filed until Sep. 12, 2007).) After being cautioned by the Court in its September 7, 2007, letter about the application of Federal Rule of Civil Procedure 11 to her, and providing her with a copy of the Rule, Ms. Fogue maintained in her response, dated September 13, 2007, that she had filed a complaint with OCC and she requested sanctions against defense counsel. On August 24, 2007, when she made the false representation by filing her addendum to Exhibit C (Docket No. 10), Ms. Forgue knew that she had not filed a complaint with the OCC and knew that the addendum she filed, representing that it was generated by the OCC, could not possibly have existed for real.

In view of Ms. Forgue's violation of Rule 11, the Court will impose sanctions consisting of reasonable attorney fees for the time and effort of defense counsel following the filing of her August 3, 2007, opposition to the motion to confirm the arbitration award. Defense counsel is directed to file and serve an affirmation regarding reasonable attorney fees.

## CONCLUSION

The petition (# 1) to confirm the November 20, 2006, arbitration award of Richard D. Rosenbloom, Arbitrator, in the matter of Forgue against Washington Mutual Bank, Case 15 148 E 00316 06, is confirmed. Ms. Forgue's motion to strike is denied in its entirety. The Clerk is directed to enter judgment for Petitioner and tax the costs of this lawsuit against Respondent in accordance with 28 U.S.C. § 1920.

Further, Petitioner is directed to file and serve an affidavit regarding reasonable attorney fees  by December 7, 2007. Counsel for Ms. Forgue will have until December 14, 2007, to file and serve any response to that affidavit. Thereafter, the Court will issue a written order with regard to the adjudged sanction.

Further, this matter will be referred to the United States Attorney for the Western District of New York for consideration of prosecution.

    IT IS SO ORDERED.

Dated:  November 27, 2007
          Rochester, New York

                ENTER:

                      /s/ Charles J. Siragusa
                      CHARLES J.  SIRAGUSA
                      United States District Judge