# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

WASHINGTON MUTUAL BANK,

                              Petitioner,

-vs-                                          MEMORANDUM and ORDER
                                                                           07-MC-6027-CJS

GRETCHEN K. FORGUE,

                              Respondent.

**Siragusa, J.** The Court previously affirmed the arbitration award and imposed sanctions against Respondent pursuant to Federal Rule of Civil Procedure 11. (*See* Docket No. 16.) As directed, Respondent's counsel, Christopher B. Turcotte, Esq., filed a declaration (Docket No. 18) attesting to the work performed on this case in response to Respondent's frivolous opposition to Petitioner's motion to confirm the arbitration award. The Court allowed until December 29, 2007, for Respondent's counsel to file a response to the affidavit and he having done so, the Court is prepared to render a decision.

After reviewing the papers, the Court determines that Mr. Turcotte's affidavit and its attachments fully support the reasonableness of his requested attorney's fee of $8,296.00, and costs and disbursements of $534.82. Mr. Turcotte's hourly discounted rate of $340.00 is reasonable both here, and in New York City, where he regularly practices. Clearly Petitioner would have retained Mr. Turcotte for this matter in the Western District of New York since he has been representing Petitioner throughout these proceedings and is familiar with the ancillary proceedings by other parties against Petitioner. In any event, the Second Circuit recently stated that,

> We now clarify that a district court may use an out-of-district hourly rate-or some rate in between the out-of-district rate sought and the rates charged by local attorneys-in calculating the presumptively reasonable fee if it is clear that a reasonable, paying client would have paid those higher rates.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 119 (2d Cir. 2007). Thus, even if the rate were unreasonable for Rochester, New York, where this Court sits, the Court would find that the out-of-district hourly rate was reasonable.

The Court reviewed the affidavit in which Ms. Forgue states that she "did nothing to intentionally defraud the Court." However, that contention is unavailing as the Court detailed in its prior Decision and Order. Even after being warned in writing about the potential of Rule 11 sanctions being imposed against her, and after having been provided, by the Court, with a copy of Rule 11, Ms. Forgue persisted in her fraudulent conduct. Long before Mr. Rzepka's involvement in her case, Ms. Forgue had, on August 24, 2007, made a false representation to the Court by filing her addendum to Exhibit C (Docket No. 10), when she knew that she had not filed a complaint with the Office of the Comptroller of the Currency ("OCC"). Instead of withdrawing that filing, she persisted in maintaining its authenticity. The evidence presented by Mr. Turcotte is convincing that the exhibit could not possibly have been generated by the OCC.

Petitioner also asked the Court in Mr. Turcotte's September 19, 2007, letter to direct Respondent to withdraw all complaints she has filed with any governmental agency or third party concerning the subject matter of the arbitration and enjoin her from making any similar complaints in the future. He repeats that request in his declaration (Docket No. 18, at 3.) Respondent has not opposed these requests.

Accordingly, it is hereby

ORDERED, that Petitioner is awarded $8,296.00 in attorney's fees and $534.82 for costs and disbursements as a sanction imposed under Federal Rule of Civil Procedure 11 against Respondent, Gretchen K. Forgue; and it is further

ORDERED, the Clerk shall enter judgment for Petitioner in the amount of $8,830.82 against Gretchen K. Forgue; and it is further

ORDERED, that the Clerk of the Court send a copy of this Memorandum and Order, along with a copy of the Court's Decision and Order (Docket No. 16) to the United States Attorney for the Western District of New York, for his consideration with regard to criminal prosecution; and it is further

ORDERED, that Respondent is directed to forthwith withdraw all complaints she has filed with any governmental agency or third party concerning the subject matter of the arbitration and enjoin her from making any similar complaints in the future about the subject matter of the arbitration this Court has confirmed.

IT IS SO ORDERED.

Dated: January 28, 2008
       Rochester, New York

ENTER:         _Charles J. Siragusa_
               CHARLES J. SIRAGUSA
               United States District Judge